UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:13-CR-41-GFVT-HAI-3 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| TRAVIS WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On referral from District Judge Van Tatenhove (D.E. 99), the Court considers reported violations of supervised release conditions by Defendant Travis Lee White. Judge Van Tatenhove entered a judgment against Defendant in July 2014 for one count of conspiracy to distribute oxycodone. D.E. 73 at 1. Defendant was sentenced to 24 months of imprisonment, followed by three years of supervised release. *Id*. at 2-3. Defendant began his supervised release term on July 24, 2015. His terms of release included a special condition that Defendant participate in a substance abuse treatment program. *Id*. at 4. In January, 2016, the United States Probation Office ("USPO") reported to Judge Van Tatenhove that Defendant had admitted using marijuana prior to a drug test. No action was taken other than to encourage Defendant to continue in the treatment program. D.E. 98.

On April 28, 2016, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated this revocation. First, the Report charges, in Violation #1, a violation of Standard Condition #7, which provides that the defendant "shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances,

except as prescribed by a physician." *See* D.E. 73 at 3. The Report specifically alleges that, on April 13, 2016, Defendant submitted a urine specimen that was later sent to the Regional Drug Testing Laboratory. At the time, Defendant "denied any use of illegal controlled substances." However, the regional laboratory returned a positive result for oxycodone, which was cornfirmed by Alere Toxicology Services. This is a Grade C violation.

Second, in relation to Defendant's use of oxycodone, the Report charges Defendant with a violation of the condition requiring him to refrain from committing another federal, state or local crime. In light of the Sixth Circuit's decision that use of a controlled substance includes possession, and Defendant's criminal history, Violation #2 charges Defendant with conduct that would be a federal crime. Such conduct would be a Class E Felony pursuant to 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance. This is a Grade B violation.

Third, the Report charges Defendant with violating Special Condition #2, which required him to participate in a drug treatment program. According to the Report, Defendant was referred to a program in August 2015, but he missed appointments on August 18, 2015, and March 7, March 21, and April 18, 2016. Based on these absences and his lack of communication with his counselor, the treatment program was terminated. This is a Grade C violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on June 3, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 102. At the initial appearance, the United States made an oral motion for interim detention, and Defendant did not request release. *Id.* The Court found that detention was appropriate because Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on June 8, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 104. Counsel announced they had reached an agreed disposition whereby Defendant would admit to all three violations in the Report. The parties recommended a penalty of revocation with twelve months and one day of incarceration followed by 26 months on supervised release. Defendant competently entered a knowing, voluntary, and intelligent stipulation to violations #1, #2, and #3. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. The United States thus established all three violations under the standard of section 3583(e).

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to conspiracy to distribute oxycodone, a Class C felony. *See* 21 U.S.C. § 846. Such a conviction carries a 24-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C), there is no statutory maximum amount of supervised release that can be imposed upon revocation.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violations #1 and #3 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of IV (the category at the time of the conviction in this District) and a Grade B violation,[1] Defendant's Range, under the Revocation Table of Chapter 7, is twelve to eighteen months.

The government argued in support of the recommended twelve-month-and-one-day incarceration period. The additional day permits Defendant to earn good time credits. Beyond that, the government believed that Defendant's acceptance of responsibility warranted a bottom-of-the-guidelines penalty. The government acknowledged that Defendant was initially dishonest with his probation officer about his oxycodone use. But the government argued that this was a typical response, and that Defendant had subsequently accepted responsibility and was generally remorseful. The government argued that Defendant would not be committing crimes if it was not for his drug addiction. Further, there were no aggravating factors in this case. The government did not ask for any new conditions of supervised release, but asked the Court to recommend that Defendant be able to pursue substance abuse treatment while incarcerated.

Defendant's attorney agreed with the government that Defendant's crimes were addiction-driven and that Defendant was remorseful and wanted to do better in the future.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession).

[1] *See* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.")

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant was involved in a conspiracy to distribute oxycodone, which is a very serious matter. Although the PSR describes him as a "minor participant" in the conspiracy, *see* USSG § 3B1.2, the crime remains significant.

The Court next considers Defendant's history and characteristics, and the need to deter criminal conduct and protect the public. Here, the key factor is Defendant's addiction. His addiction spurred his involvement in trafficking, and it underlies the current violation. Not only is this addiction dangerous to Defendant and the people around him, it causes him to commit a federal felony every time he uses an illegal drug. Defendant must be deterred from possessing drugs, and the public must be protected from the collateral consequences of his addiction.

Regarding opportunities for education and treatment, the Court notes that Defendant failed to fully participate in the outpatient treatment that was required as one of his special conditions of release. Nevertheless, Defendant needs further help. The Court will recommend that he receive treatment in prison to the extent it is available. Upon release, Defendant will remain responsible for complying with treatment as provided by Special Condition #2.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the

seriousness of the underlying violation and the criminal history of the violator.”). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant’s breach of trust and the other statutory goals imported into section 3583(e). Defendant’s conduct here represents a significant breach of the Court’s trust, in that he both returned to drug use and failed to abide by the special condition that was designed to help him overcome his addiction.

A twelve-month-plus-one-day sentence is at the bottom of the Guidelines Range. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e). Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant’s Guidelines Range.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant’s convictions carry no maximum term of supervised release. *See* 18 U.S.C. § 3583(h); 21 U.S.C. 841(b)(1)(C). The Court recommends—and the parties agree—that a term of supervised release be re-imposed for a period of 26 months.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of imprisonment of twelve months and one day. To the extent that treatment is available, Defendant is admonished to pursue substance abuse treatment in prison;

2. A term of supervised release of 26 months, under the conditions previously imposed at Docket Entry 73.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 9th day of June, 2016.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Hanly A. Ingram***

**United States Magistrate Judge**